Benoit BROOKENS, Appellant

v.

Dawn WHITE, et al.

No. 85–5765.

United States Court of Appeals,
District of Columbia Circuit.

July 11, 1986.

Allen V. Farber, Washington, D.C., was on appellees', Standard Federal Savings & Loan Ass'n and Dawn White, Washington, D.C., motion to dismiss.

Dale A. Cooter and Joseph M. Cahill, Washington, D.C., were on appellee's, American Security Bank, N.A., motion to dismiss.

Benoit Brookens, The Hague A.P.O., N.Y., pro se, was on the oppositions to motions to dismiss.

ON MOTIONS TO DISMISS

Before EDWARDS, STARR and SIL-BERMAN, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This case presents two unrelated procedural issues. The first concerns the sufficiency of a notice of appeal, in a multi-party action, which fails to specify an earlier grant of summary judgment as to two of the three defendants. The second issue concerns the effects of failure to file a complete record excerpt as required by D.C.Cir. Rule 9(a).

I

Benoit Brookens, the *pro se* appellant, is an attorney. He instituted a breach of contract action against Standard Federal Savings & Loan Association ("Standard Federal") and Dawn White in May 1983. In August 1983, American Security Bank intervened as a defendant and filed counterclaims against Brookens. On July 12, 1984, the District Court granted summary judgment on behalf of both Standard Federal and White and entered an order and judgment on the same date.[1] In addition, the District Court granted partial summary judgment on behalf of American Security but ordered further proceedings on several counts of American Security's counterclaims. The District Court referred the damages issues to the United States Magistrate who, after conducting hearings in October 1984 and March 1985, issued a report and recommendation. The District Court adopted the recommendation and entered a final order and judgment against Brookens on May 23, 1985. On May 29, 1985, the District Court granted American Security's request for attorneys' fees.

Brookens subsequently filed a timely notice of appeal. That notice, which is pivotal to this appeal, specified the judgments of the District Court entered on the 23rd and 29th of May 1985 in favor of American Security. The notice was silent, however, as to the earlier order granting summary judgment in favor of Standard Federal and White. Brookens requested the Clerk to mail copies of the notice of appeal to counsel for American Security, Standard Federal and White.

Standard Federal and White have moved to dismiss the appeal as to them on the ground that a notice of appeal was not filed as to the July 12, 1984 order granting summary judgment in their favor. They argue that "the time for noticing an appeal with respect to that order and judgment may well have passed on August 12, 1984, which is thirty days after entry thereof on July 12, 1984. In any event, the time for noticing an appeal with respect to that Order and Judgment could not have been later than thirty days after May 29, 1985." *Brookens v. White, et al.*, No. 85–5765, Standard Federal Savings & Loan Association and Dawn White's Motion to Dismiss at 7. Lacking the timeliness argument advanced by its co-litigants, American Security has moved to dismiss the appeal on the ground that Brookens failed to file the record excerpt required by D.C.Cir. Rule 9(a).[2]

II

■ Standard Federal and White's first assertion, that an immediate appeal could and should have been taken from the July 12, 1984 order, is without merit. It is elementary that a grant of summary judgment as to some parties in a multi-party litigation does not constitute a final order unless the requirements of Fed.R.Civ.P. 54(b) are met. *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 3, 100 S.Ct. 1460, 1462, 64 L.Ed.2d 1 (1980) (in multi-party suit summary judgment adjudicating claims or rights and liabilities of fewer than all the parties is not appealable

---

1. Standard Federal and White subsequently sought and were granted a protective order barring further discovery.

2. D.C.Cir. Rule 9(a) provides as follows:
   At the time of filing appellant's brief, appellant shall file seven copies of the following portions of the District Court record ...
   (A) relevant entries from the docket sheet;
   (B) a list of relevant documents and exhibits;
   (C) the judgment, ruling, or order appealed from and any other order or orders sought to be reviewed, and any supporting opinion, memorandum of decision, findings of fact and conclusions of law, or statement of reasons, whether filed or delivered orally by the District Court.

in absence of a Rule 54(b) certification); *In re Yarn Processing Patent Validity Litigation,* 680 F.2d 1338, 1339 (11th Cir.1982) (same); *Melancon v. Insurance Co. of North America,* 476 F.2d 594, 595 (5th Cir.1973) (same). Rule 54(b) requires the District Court to make an express determination that there is no just reason for delay and to expressly direct the entry of judgment. The District Court did neither in its July 12, 1984 order.[3]

■■■■ However, we are persuaded by Standard Federal and White's contention that Brookens' failure to specify the July 12, 1984 order by name in his notice of appeal, or otherwise to evidence his intent to pursue an appeal from that order, renders the notice inapplicable to the earlier order. Federal Rule of Appellate Procedure 3(c) expressly requires that the notice of appeal "designate the judgment, order or part thereof appealed from." Several circuits have held that if an appeal is noticed only from part of a judgment, then no jurisdiction exists to review other portions of the judgment. *See, e.g., Pitney Bowes, Inc. v. Mestre,* 701 F.2d 1365, 1374–75 (11th Cir.), *cert. denied,* 464 U.S. 893, 104 S.Ct. 239, 78 L.Ed.2d 230 (1983); *C.A. May Marine Supply Co. v. Brunswick Corp.,* 649 F.2d 1049, 1056 (5th Cir.), *cert. denied,* 454 U.S. 1125, 102 S.Ct. 974, 71 L.Ed.2d 112 (1981); *Elfman Motors, Inc. v. Chrysler Corp.,* 567 F.2d 1252, 1254 (3d Cir.1977) (per curiam). We agree with that proposition, inasmuch as it is faithful to the text of Fed.R.App.P. 3(c); in addition, its application promotes the orderly administration of justice.

We are by no means suggesting that any technical defects in the notice of appeal will warrant dismissal. The Supreme Court has emphasized that harmless error in the notice of appeal is insufficient to justify dismissal. *See, e.g., Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *State Farm Mutual Automobile Insurance Co. v. Palmer,* 350 U.S. 944, 76 S.Ct.

321, 100 L.Ed. 823 (1956) (per curiam); *United States v. Arizona,* 346 U.S. 907, 74 S.Ct. 239, 98 L.Ed. 405 (1953) (per curiam). *See also McLaurin v. Fischer,* 768 F.2d 98, 102 (6th Cir.1985) (no prejudice); *Duran v. Elrod,* 713 F.2d 292, 295 (7th Cir.1983) (no prejudice because merits of all issues were argued by both sides on appeal), *cert. denied,* 465 U.S. 1108, 104 S.Ct. 1615, 80 L.Ed.2d 143 (1984). Over the years, the following approach has been developed to guide courts in addressing such situations:

> The rule is now well settled that a mistake in designating the judgment or in designating the part appealed from if only a part is designated should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake.

9 J. Moore & B. Ward, MOORE'S FEDERAL PRACTICE § 203.18 (2d ed. 1985) (footnotes omitted). *See also Gooding v. Warner-Lambert Co.,* 744 F.2d 354, 357 n. 4 (3d Cir.1985); *Smith v. Atlas Off-Shore Boat Service, Inc.,* 653 F.2d 1057, 1059 n. 1 (5th Cir.1981); *Gunther v. E.I. DuPont de Nemours & Co.,* 255 F.2d 710, 717 (4th Cir.1958).

Applying this approach to the present case, the questions before us are whether an intent to appeal the July 12, 1984 order can be inferred from appellant's submissions and whether appellees were misled by the notice of appeal. Upon analysis of the pertinent records, we are persuaded that no intent to appeal the July 12, 1984 order can fairly be inferred from appellant's notice of appeal and subsequent filings. The notice, as we have seen, specified only the final order of the District Court dealing with American Security's counterclaim and the District Court's subsequent ruling on American Security's request for attorneys' fees. Although these orders mention the July 12, 1984 Memorandum and Order in passing, it is clear that the orders pertain exclusively to American Security. In addi-

---

**3.** The July 12, 1984 Order also fails to meet the definition of a grant of an injunction under 28 U.S.C. § 1292(a)(1).

tion, the docketing statement filed by Brookens specified only the final order of the District Court and the two hearings before the U.S. Magistrate, all of which related solely to American Security's counterclaim. Taken together, the specification of these orders and hearing dates and the failure to mention the July 12, 1984 order in either the notice of appeal or the docketing statement indicate an intent *not* to appeal the earlier grant of summary judgment.[4]

Appellees were understandably misled by appellant's filings. Appellees received a copy of the notice of appeal which specified only the orders concerning American Security's counterclaim.[5] The docketing statement was equally misleading, because it specified that review was sought of the orders of the District Court and the U.S. Magistrate which related to the counterclaim and attorneys' fees questions alone. Months therefore went by with Standard Federal and White reasonably of the view that the litigation as to them was at an end. The repose that is due Standard Federal and White following the filing of the notice of appeal and docketing statement, neither of which identifies the judgment awarded in their favor, is a legitimate interest which merits safeguarding. We hold that, under these particular circumstances, an intent to appeal from the earlier grant of summary judgment cannot be fairly inferred, and that Standard Federal and White were justly entitled to assume that Brookens' quarrel had shifted exclusively toward American Security. The motion to dismiss by Standard Federal and White is therefore granted.

### III

American Security has also moved to dismiss this appeal because Brookens has failed to comply with Local Rule 9(a) which requires submission of a record excerpt that includes relevant entries from the docket sheet, an list of relevant documents and exhibits, and the judgments or orders appealed from and the supporting opinions. D.C.Cir. Rule 9(a). *See supra* note 2. The rule also permits appellant to submit "other short portions of the record that are directly relevant." *Id.* Appellant's Record Excerpt, filed after American Security's Motion to Dismiss, is woefully incomplete, containing only a list of entries from the docket sheet and the July 12, 1984 Memorandum and Order of the District Court.

It has become the informal practice of this court to routinely allow amendments or additions to the record excerpt prior to oral argument. In view of this practice, appellant's submission of an incomplete excerpt does not justify dismissal. However, lax compliance with the court's rules serves only to exacerbate an already serious delay in the processing of appeals. Thus, noncompliance with D.C.Cir. Rule 9(a) in the future will not be tolerated.[6]

---

**4.** While not pertinent to our analysis of the specific issue before us, we observe that subsequent events do not overcome these indications of intent to proceed against American Security alone. Appellant properly filed a Rule 8(c) certificate listing all of the defendants below, *see Brookens v. White, et al.,* No. 85–5765, Appellant's Brief at iii. Appellant's brief on the merits clearly indicates that review is sought of the District Court's July 12, 1984 order, *see id.* at vi; on the other hand, Standard Federal and White were not served with a copy of the brief. Although appellant emphasizes that Standard Federal and White eventually received copies of the brief, *see Brookens v. White, et al.,* No. 85–5765, Appellant's Opposition to Motion to Dismiss at 2, the certificate of service indicates that service of the brief was made on American Security alone. Standard Federal and White belatedly received a copy of the brief from counsel for American Security. This is, needless to say, scarcely a substitute for service. This fact, as well as the notation of "carbon copy" to counsel for Standard Federal and White in the certificate of service, lends further support to the conclusion that an intent to appeal the July 12, 1984 order is not evident.

**5.** The mere fact that appellees were unnecessarily named in the notice of appeal, *see* Fed.R. App.P. 3(c), does not compel the conclusion that appellant was appealing the July 12, 1984 order as well.

**6.** Parties will be held to the same standard applied for failure to comply with Fed.R.App.P. 30, *see, e.g., United States v. Seaboard Coast Line Railroad,* 517 F.2d 881, 882 (4th Cir.1975).

The deficiencies in the record excerpt in the present case shall be remedied by appellant's submission, within 10 days from issuance of this opinion, of all relevant entries from the docket sheet, a list of all relevant documents and exhibits, and copies of all judgments and orders appealed from. Failure to comply with this order will result in dismissal of the appeal.

*So ordered.*