917 F.2d 22
 17 Fed.R.Serv.3d 1142
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gregory H. JONES, Plaintiff-Appellant,
v.
Guard HAMM, Defendant-Appellee.
 No. 89-7150.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 19, 1990.
Decided Oct. 25, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. John D. Larkins, Jr., Senior District Judge. (CA-86-466-CRT)
 Gregory H. Jones, appellant pro se.
 Jacob Leonard Safron, Special Deputy Attorney General, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gregory H. Jones filed suit against several prison officials at the Caledonia Correctional Institution (Caledonia). Jones' 42 U.S.C. Sec. 1983 suit named Sergeant Herbert Williams, Superintendent L.V. Stephenson, Physician's Assistant Tom Hoard, Assistant Superintendent George Boone, and Guard H. Keith Hamm as defendants.
 
 
 2
 The district court granted summary judgment for Stephenson and Boone prior to trial. After trial, the jury found that neither Williams nor Hoard had violated Jones' constitutional rights. The jury, however, was unable to agree on a verdict in regard to Hamm's conduct, so the court declared a mistrial on this issue. The district court certified the judgment as to Hoard and Williams and Jones appealed to this Court. This Court held that the district court abused its discretion by certifying the appeal and therefore refused to consider the merits of the appeal. Jones v. Williams, No. 88-6532 (4th Cir. Sept. 15, 1988) (unpublished).
 
 
 3
 Jones' case against Hamm was retried. At this trial the jury found that Hamm did not violate Jones' constitutional rights. Jones appealed after the jury verdict in his second trial.
 
 
 4
 The incident in question began when Jones refused to take a tuberculin skin test. This test was administered to all inmates pursuant to a policy mandated by the Director of Prisons. After Jones refused he was forcibly taken to the first aid room, held down by prison guards, and given the test against his will. Upon being returned to his cell, Jones was hit over the head with a nightstick by one of the guards and then taken back to the first aid room. No treatment was administered.
 
 
 5
 Jones claims that thirteen or more guards dragged him in handcuffs to the clinic. When he was returned to his cell by the guards, Sergeant Williams, without provocation, hit him over the head with his nightstick. When he was taken back to the clinic, George Boone, the assistant superintendent at Caledonia, refused to allow Jones to receive medical treatment.
 
 
 6
 The defendants stated that only five guards carried Jones to the first aid room and only four carried him back to his cell. When the guards arrived at Jones' cell he refused to be handcuffed. The guards entered Jones' cell and forcibly handcuffed him while Jones swung his hands, attempted to kick Williams, and bit Williams on the arm. Williams claimed that after the test, when they tried to remove Jones' handcuffs, Jones wrestled free and struck Williams in the chest with both hands still handcuffed. Jones then butted his head against Williams' nose. At this point another guard, Hamm, struck Jones over the head with a nightstick. They took Jones back to the clinic but Jones refused medical treatment.
 
 
 7
 In Jones' notice of appeal the caption refers only to Defendant Hamm. The caption reads: "Gregory Jones, Plaintiff v. Guard Hamm, Defendant." The text states that he is giving formal notice of appeal in "the above captioned case." The notice of appeal does not refer to any other defendant, the first jury trial, or the trial court's grant of summary judgment for two of the defendants.
 
 
 8
 According to Fed.R.App.P. 3(c) a notice of appeal must designate "the judgment, order or part thereof appealed from." Generally, an appeal from a final judgment brings into question all previous rulings leading to the judgment. McLaurin v. Fischer, 768 F.2d 98, 101 (6th Cir.1985); DeDamptan v. Administrator of Veterans Affairs, 516 F.2d 708 (D.C.Cir.1974). However, where the notice of appeal designates specific rulings being appealed, this Court has no jurisdiction to review other judgments or issues which are not expressly referred to or impliedly intended for appeal. Foster v. Tandy Corp., 828 F.2d 1052, 1059 (4th Cir.1987) (entry of directed verdict not appealed when notice of appeal addressed only grant of judgment notwithstanding the verdict); C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir.) (disallowance of attorney fees not appealed when notice of appeal referred only to denial of motion for a new trial), cert. denied, 454 U.S. 1125 (1981). See also Gunther v. E.I. duPont deNemours & Co., 255 F.2d 710, 717-18 (4th Cir.1958) ("[S]ince the jurisdiction of the appellate court is determined by the timeliness and specific terms of the notice, it cannot be modified to cover a judgment not included by any reasonable interpretation....").
 
 
 9
 Because Jones did not mention any case other than the one against Hamm, he has not evidenced an intent to appeal the jury verdict for Williams and Hoard or the district court's grant of summary judgment for Stephenson and Boone. Defendants Williams, Hoard, Stephenson, and Boone have not been notified of the existence of any appeal. Additionally, since Jones has not filed an informal brief or docketing statement with this Court, there is no evidence from which this Court could infer that Jones intended to appeal any judgment or order other than the judgment for Hamm. See Brookens v. White, 795 F.2d 178, 180 (D.C.Cir.1986) (intent to appeal particular order may be inferred from appellant's notice of appeal and subsequent filings like appellant's docketing statement).
 
 
 10
 Although Jones appealed the case involving Hamm, he has never specified what errors he believes occurred. After reviewing the audio tapes from the second trial, Jones v. Hamm, we believe that Jones' appeal lacks merit. The jury's verdict is amply supported by the evidence. Several witnesses testified that Jones had attacked Williams and that Hamm had struck Jones to prevent further assault. Only Jones testified he had not provoked Hamm's hit. All other witnesses to the incident testified that Jones had been out of control and that force was necessary to prevent Jones from inflicting further injury on Williams.
 
 
 11
 Because the jury's verdict is supported by substantial evidence in the record, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.