**Frederick W. MARTIN, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**Portland Natural Gas Transmission System, Intervenor.**

**No. 98–1398.**

United States Court of Appeals, District of Columbia Circuit.

Submitted Oct. 15, 1999.

Decided Jan. 25, 2000.

Frederick W. Martin, appearing pro se, was on the briefs for petitioner.

Jay L. Witkin, Solicitor, Federal Energy Regulatory Commission, John H. Conway, Deputy Solicitor, and David H. Coffman, Attorney, were on the brief for respondent.

George H. Williams, Jr. and Gunnar Birgisson were on the brief for intervenor.

Before: WILLIAMS, GINSBURG and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

Frederick Martin petitions for review of a decision of the Federal Energy Regulatory Commission authorizing the construction of a new pipeline that would traverse part of Mr. Martin's property. Despite Mr. Martin's failure to designate the correct order in his petition for review, we hold that we have jurisdiction to review the Certificate Order. Because the Commission's decision was not arbitrary and capricious, we deny the petition.

## I. Background

In 1997 the Commission authorized the Portland Natural Gas Transmission System to construct a pipeline nearly one mile of which would use an existing right-of-way through Mr. Martin's farm in North Stratford, New Hampshire. *Portland Natural Gas Transmission Sys.*, 80 FERC ¶ 61,345 (1997) (the "Certificate Order"). The farm was established by an ancestor of Mr. Martin's in the early 1830s and the farmhouse and surrounding 112–acre tract are characteristic of early 19th century building and farming patterns. Mr. Martin has improved the farm but maintained its historic character and function. The property was listed in the National Register of Historic Places one year after the Commission authorized Portland to construct the pipeline.

Before the Commission, Mr. Martin challenged the plan to build the pipeline across his property upon various environmental grounds, alleging that the pipeline would damage the open fields and other scenic and natural resources on his property and endanger the historic farmhouse. Mr. Martin suggested an alternative route for the pipeline, but the Commission rejected that route in favor of the Portland plan to use the existing right-of-way. Mr. Martin requested rehearing but the Com-

mission denied his application. *Portland Natural Gas Transmission System*, 83 FERC ¶ 61,080 (1998) (the "Rehearing Order").

## II. Analysis

Although Mr. Martin seeks to challenge the Commission's Certificate Order, his petition for review mentions only the Rehearing Order. Before we reach the merits of Mr. Martin's argument, therefore, we must determine whether we have jurisdiction to hear his claim.

### A. Jurisdiction

After the Commission denied Mr. Martin's request for rehearing, he filed a petition for review and a motion for stay of construction. In the petition, Mr. Martin sought review of the Commission's Rehearing Order, in which the Commission had denied his request that the agency reconsider its decision to grant the certificate to Portland. It is clear from Mr. Martin's briefs before this court, however, that what he really wants is review of the Certificate Order, which is the order actually authorizing Portland to construct the pipeline across his property.

Under 15 U.S.C. § 717r(b): "Any party ... aggrieved by an order issued by the Commission ... may obtain a review of such order in the court of appeals ... by filing ... a written petition praying that the order ... be modified or set aside...." Mr. Martin is aggrieved by the Certificate Order, not the Rehearing Order, which simply denied rehearing. Indeed, an order denying rehearing is unreviewable except insofar as the request for rehearing was based upon new evidence or changed circumstances. *See ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 278–80, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987).

The Commission argues that, because Mr. Martin failed to designate the Certificate Order in his petition for review,

this court lacks jurisdiction to review that Order. According to the Commission, the two orders do not "merge" such that an appeal of the Rehearing Order may be construed as an appeal of the Certificate Order. *Cf. Conecuh–Monroe Community Action Agency v. Bowen,* 852 F.2d 581, 586 (D.C.Cir.1988) (noting that, where district court simultaneously denied preliminary injunction and entered judgment on underlying complaint, "the preliminary injunction question ... merged into the final judgment").

In general, this court reviews only the order(s) designated in the petition for review. *See* Fed. R.App. P. 15(a) (1998) ("petition must ... designate ... the order or part thereof to be reviewed"); *see also John D. Copanos & Sons, Inc. v. FDA,* 854 F.2d 510, 527 (D.C.Cir.1988).* The failure to designate an order in the petition is not necessarily fatal to its review, however. As we said in *Southwestern Bell Telephone Co. v. FCC,* a party may demonstrate its intention to appeal from one order despite referring only to a different order in its petition for review if the petitioner's intent " 'can be fairly inferred' " from the petition or documents filed more or less contemporaneously with it. 180 F.3d 307, 313 (D.C.Cir.1999) (quoting *Brookens v. White,* 795 F.2d 178, 180 (D.C.Cir.1986)).

In *Southwestern Bell,* the FCC had denied a local exchange carrier's petition for rehearing of an Investigation Order in which the agency had found that the carrier had underestimated its future tariff requirements. *See id.* at 309–10. Southwestern Bell then petitioned this court for review, citing only the Reconsideration Order. *See id.* Upon examination of Southwestern Bell's petition for review and its subsequent filings, we found that "nothing prior to the brief filed in this court ... gave the Commission any notice of South-

western Bell's intent to seek review of the Investigation Order." *Id.* at 313. The petition designated for review only the Reconsideration Order and only that order was appended to the petition; likewise, the docketing statement named only the Reconsideration Order and only that order was attached to it; and the preliminary statement of issues focused upon Southwestern Bell's petition for review of the Reconsideration Order. *See id.*

Like the petitioner in *Southwestern Bell,* Mr. Martin designated in his petition for review only the order denying rehearing, but unlike the earlier petitioner, he made his intent to seek review of the underlying order fairly inferable from his contemporaneous filings. On the same day that Mr. Martin filed his petition for review, he filed a motion to stay the construction of a portion of the pipeline pending review of his petition. The motion for stay bespeaks in two ways Mr. Martin's intent to seek review of the Certificate Order.

First, by attaching to the motion a copy of his application to the Commission for rehearing, in which he cites and discusses the Certificate Order, Mr. Martin identified the order from which his dispute with the Commission arose. Second, the nature of the motion for stay itself sufficed to indicate Mr. Martin's purpose in filing his petition for review. He sought a stay in order to prevent the irreparable harm to his property that allegedly would attend the construction of the pipeline. Because Portland clearly derived its authority to construct the pipeline from the Certificate Order, Mr. Martin's motion for stay was necessarily directed to that order. And if Mr. Martin sought to stay enforcement of the Certificate Order, then he must also have meant to seek review of the Certificate Order, not the Rehearing Order. *Cf. Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (holding

---

* Effective December 1, 1998 Fed.R.App.P. 15(a) was amended (in style but not in substance) to require that a petitioner "specify" rather than "designate" the order or part thereof to be reviewed. Because Mr. Martin filed his petition prior to the amendment, we refer to the earlier version of the Rule in this opinion.

that where petitioner submitted two notices of appeal, one that was premature and one that failed to specify judgment from which appeal was being taken, "Court of Appeals should have treated the [second] ... as an effective, although inept, attempt to appeal from the judgment sought to be vacated. Taking the two notices and the appeal papers together, petitioner's intention ... was manifest"). Moreover, Mr. Martin's filings subsequent to the petition for review, including the docketing statement and the certificate as to rulings under review, indicated that he was challenging the Certificate Order as well as the Rehearing Order.

Nor does the Commission claim to suffer any prejudice from our review of the Certificate Order despite Mr. Martin's failure to designate it in his petition for review. Although an agency is under no obligation to determine whether a party that petitions for review of an unreviewable order meant to specify a different order, *see Southwestern Bell*, 180 F.3d at 314, here the Commission's filings in response to Mr. Martin's petition for review and motion for stay indicate that the agency was aware from the outset that Mr. Martin meant to seek review of the Certificate Order.

The Commission's opposition to Mr. Martin's motion for stay lists the Certificate Order as one of several orders "relevant to this proceeding." In moving to transfer Mr. Martin's case from the First Circuit to this circuit, the Commission invoked the authority of 28 U.S.C. § 2112(a)(1): "If proceedings are instituted in two or more courts of appeals with respect to the *same order* ... the agency ... shall file the record in the court in which proceedings with respect to the order were first instituted." The Commission expressly argued that the First Circuit should transfer Mr. Martin's case to this circuit because another party had filed a petition for review of the Preliminary Order and the Certificate Order in this circuit before Mr. Martin had filed his petition for review. That the Commission

understood Mr. Martin's petition for review to encompass the Certificate Order, therefore, is apparent; indeed, its argument for transfer of the case depended upon it.

In sum, despite Mr. Martin's failure to refer to the Certificate Order in his petition for review, his accompanying motion for stay provided the Commission with notice of his intent to seek review of the Certificate Order. Accordingly, we have jurisdiction to consider Mr. Martin's claim.

B. The Merits

■ Mr. Martin challenges the Certificate Order as arbitrary and capricious on the grounds that the Commission failed to comply with regulations promulgated under the National Environmental Protection Act and the National Gas Act in order to protect scenic and historic places. Under the regulations implementing the NEPA, the agency was required to prepare an Environmental Impact Statement in which it discussed any inconsistency between the proposed project and a state or local environmental plan or law. 40 C.F.R. § 1506.2(d). Mr. Martin complains that the Commission failed to discuss the consistency of Portland's proposed pipeline with a "river corridor management plan" adopted by the State of New Hampshire. The Commission points out, dispositively, that no inconsistency with any state or local plans was raised before it, and that the cited regulation does not require it affirmatively to address consistency with such plans.

The NGA regulation governing placement of pipeline rights-of-way provides:

Where practical, rights-of-way should avoid ... places listed in the National Register of Historic Places.... If rights-of-way must be routed through such historic places ... they should be located in areas or placed in a manner so as to be least visible from areas of public view and so far as possible in a manner designed to preserve the character of the area.

18 C.F.R. § 2.69(a)(1)(ii). Mr. Martin claims that because a portion of his land lies within a state-designated "river corridor" and because the State had certified his entire property as "historic" before the Commission prepared its Final Environmental Impact Statement, the agency should have addressed in the certification proceedings whether the regulations required an adjustment to take the proposed pipeline route around Mr. Martin's property. Mr. Martin proposed such an adjustment to the Commission.

The Commission considered the "visual impact" of the proposed pipeline on historic properties such as Mr. Martin's, as well as the practicality of the alternative route Mr. Martin proposed. The Commission rejected the alternative route because it would have required Portland to develop a new right-of-way, in contravention of 18 C.F.R. § 2.69(a)(1)(i), which states that "[i]n locating proposed facilities, consideration should be given to the utilization, enlargement or extension of existing rights-of-way." We cannot fault the Commission for approving Portland's use of the existing right-of-way through Mr. Martin's property rather than requiring the pipeline company to develop a new route through previously undisturbed properties.

The Commission also notes that, New Hampshire's designation notwithstanding, Mr. Martin's property was not listed on the National Register of Historic Places at the time of the proceedings, nor even as of his request for rehearing, and that he therefore did not raise before the agency any claim related to listing on the National Register. The record of the certification proceeding bears out the Commission's point. Therefore, the agency's decision was in no respect arbitrary and capricious.

### III. Conclusion

For the foregoing reasons, we have jurisdiction to review the Certificate Order, and the petition for review is

*Denied.*