ENTRAVISION HOLDINGS,
LLC, Petitioner

v.

FEDERAL COMMUNICATIONS COM-
MISSION and United States of
America, Respondents

Davis Television Fairmont,
LLC, Intervenor

No. 99–1025.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 8, 1999.

Decided Feb. 11, 2000.

---

Barry A. Friedman argued the cause for petitioner. With him on the briefs was Michael L. Martinez.

K. Michele Walters, Counsel, Federal Communications Commission, argued the cause for respondent. With her on the brief were Christopher J. Wright, General Counsel, Daniel M. Armstrong, Associate General Counsel, Joel I. Klein, Assistant Attorney General, and Robert B. Nicholson and Chris Sprigman, Attorneys, U.S. Department of Justice.

Before: GINSBURG, TATEL, and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

Entravision Holdings, LLC, petitions for review of an order of the Federal Communications Commission denying reconsideration of a prior order. Because the Commission order denying reconsideration is unreviewable under *ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 280, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987), and we cannot fairly infer from Entravision's

---

filings an intent to seek review of the prior order, we dismiss the petition for lack of jurisdiction.

## I. Background

In 1997 the Federal Communications Commission proposed to reallocate channels 60–69 from broadcast television service to other commercial and public safety uses. Latin Communications Group (LCG), Entravision's predecessor in interest in the licenses for two low power television (LPTV) stations operating on channels 61 and 63, submitted comments to the Commission suggesting certain protections be granted to LPTV stations that would be displaced by the proposed reallocation. The Commission adopted the reallocation proposal but declined to adopt the protections suggested by LCG. *In re Reallocation of Television Channels 60–69, Report & Order*, 12 F.C.C.R. 22953, 1998 WL 2533 (Jan. 6, 1998). LCG filed a petition for partial reconsideration, asking the Commission to reconsider the *Report & Order* and to adopt the protections LCG had suggested. The Commission denied reconsideration. *In re Reallocation of Television Channels 60–69, Memorandum Opinion & Order*, 13 F.C.C.R. 21578, 1998 WL 698785 (Oct. 9, 1998).

Entravision and LCG then timely filed a joint petition for review. Subsequently, LCG completed assignment of the two LPTV broadcast licenses to Entravision and withdrew from this action, leaving Entravision as the sole petitioner.

## II. Analysis

■ Under Fed. R.App. P. 15(a), a petition for review of an agency order must "specify the order or part thereof to be reviewed."* Failure to specify the correct order can result in dismissal of the petition. *See City of Benton v. NRC*, 136 F.3d

---

* Effective December 1, 1998, Fed. R.App. P. 15(a) was amended (in style but not in substance) to require that a petitioner "specify" rather than "designate" the order or part thereof to be reviewed. Because Entravision and LCG filed their petition after the amendment, we refer to the amended version of the Rule in this opinion.

824, 826 (D.C.Cir.1998); *John D. Copanos & Sons, Inc. v. FDA,* 854 F.2d 510, 527 (D.C.Cir.1988). A mistaken or inexact specification of the order to be reviewed will not be fatal to the petition, however, if the petitioner's intent to seek review of a specific order can be fairly inferred from the petition for review or from other contemporaneous filings, and the respondent is not misled by the mistake. *See Martin v. FERC,* 199 F.3d 1370, 1371–73 (D.C.Cir. 2000) (reviewing order underlying rehearing order specified in petition because intent to seek review fairly inferred from contemporaneous motion for stay and respondent not prejudiced); *Damsky v. FCC,* 199 F.3d 527, 532–34 (D.C.Cir.2000) (reviewing order underlying rehearing order specified in notice of appeal because intent to seek review fairly inferred from filings attached to notice and respondent not prejudiced); *Southwestern Bell Telephone Co. v. FCC,* 180 F.3d 307, 313 (D.C.Cir.1999) (declining to review order underlying rehearing order specified in petition because intent to seek review not fairly inferable from petition, docketing statement, or preliminary statement of issues); *cf. Nichols v. Board of Trustees of Asbestos Workers Local 24 Pension Plan,* 835 F.2d 881, 889 (D.C.Cir.1987) (reviewing judgment inexactly designated in notice of appeal because contemporaneously-filed Rule 10(b) certification adequate to infer intent to appeal from judgment, and appellee not prejudiced); *Brookens v. White,* 795 F.2d 178, 180 (D.C.Cir.1986) (declining to review unspecified judgment because intent to appeal from that judgment not fairly inferable from appellant's notice of appeal or subsequent filings).

■ Here Entravision specified for review the *Memorandum Opinion & Order.* Under *ICC v. Brotherhood of Locomotive Engineers,* 482 U.S. 270, 280, 107 S.Ct.

2360, 96 L.Ed.2d 222 (1987), however, that order, in which the Commission merely denied reconsideration of the prior *Report & Order,* is unreviewable except insofar as the request for reconsideration was based upon new evidence or changed circumstances. *See Southwestern Bell,* 180 F.3d at 311. Because Entravision gave neither as a ground for reconsideration of the *Report & Order,* the *Memorandum Opinion & Order* is unreviewable. Therefore we must dismiss Entravision's petition for lack of jurisdiction** unless we can fairly infer that Entravision intended to seek review of the order not specified in the petition for review.

■ Entravision's claim that we may infer it intended to seek review of the *Report & Order* appears to be foreclosed by *Southwestern Bell,* 180 F.3d at 313–14. In that case the agency had issued an Investigation Order prescribing certain actions that local exchange carriers (LECs) were to take. *See id.* at 310. Two LECs filed petitions for rehearing, which the Commission denied in a Reconsideration Order. Southwestern Bell then petitioned for review of the Reconsideration Order. We denied the petition for review because the Reconsideration Order was unreviewable and we could not fairly infer from the petition for review or nearly contemporaneous filings an intent to seek review of the Investigation Order: the petition itself designated for review only the Reconsideration Order, and only that order was appended to the petition; the docketing statement likewise named and had appended only the Reconsideration Order; and the preliminary statement of issues discussed only matters raised in the LECs' petitions for rehearing. *See id.* at 313; *see also City of Benton,* 136 F.3d at 825–26

---

** To the extent that *Southwestern Bell Telephone Co. v. FCC,* 180 F.3d 307 (D.C.Cir. 1999), and *Beehive Telephone Co. v. FCC,* 180 F.3d 314 (D.C.Cir.1999), treat nonreviewability under *Brotherhood of Locomotive Engineers* as nonjurisdictional, those holdings are disap-

proved. *See* 482 U.S. at 287, 107 S.Ct. 2360. Our resolution of this issue has been circulated to and approved by the entire court and thus constitutes the law of the circuit. *See Irons v. Diamond,* 670 F.2d 265, 268 n. 11 (D.C.Cir.1981).

(dismissing petition that specified only an unreviewable order).

Entravision points to one difference between its filings and those in *Southwestern Bell* and *City of Benton*: Entravision expressly mentioned not just the order denying reconsideration but the underlying *Report & Order*—the one it wants the court to review—in the petition for review. In context, however, the mere mention of the *Report & Order* does not make fairly inferable Entravision's intent to seek review of that order. On the contrary, Entravision mentions the *Report & Order* in its petition for review only in the course of stating the history of the proceeding prior to the order of which review is being sought. Consider:

> [Entravision and LCG] petition this Court for review of the [FCC's] *Memorandum Opinion & Order* ("*MO&O*"), FCC 98–261 (released October 9, 1998; published in Federal Register November 17, 1998), in which the FCC denied LCG's Petition for Partial Reconsideration of the FCC's earlier *Report and Order* ("*RO&O*") [sic] in which it decided not to protect low power television ("LPTV") stations operating on Channels 60–69.... A copy of the *MO&O* is attached hereto as Exhibit A.... The *MO&O* constitutes final FCC action rejecting LCG's request for protection....

The clear import is that only the *Memorandum Opinion & Order* is under review; this is reinforced by Entravision having attached only the *Memorandum Opinion & Order* to the petition. *See* 28 U.S.C. § 2344 ("The petitioner shall attach to the petition as exhibits copies of the order, report, or decision [for review]").

Entravision's contemporaneous filings even more clearly demonstrate that it intended to put before the court only the order denying reconsideration. Entravision's docketing statement, filed within a month of its petition, specifies only the *Memorandum Opinion & Order* for review: In the space for denoting the "date(s) of order(s) [under review]," Entra-

vision entered the date of the *Memorandum Opinion & Order* and only that date. Entravision's preliminary statement of issues, filed the same day, likewise points only to the *Memorandum Opinion & Order*; there Entravision identifies two issues, both of which relate exclusively to the Commission's denial of reconsideration in the *Memorandum Opinion & Order*:

> 1. Whether the FCC's denial of the Petition for Partial Reconsideration was contrary to law ...;
>
> 2. Whether the FCC's denial of the Petition for Partial Reconsideration adequately addresses how the FCC may weigh the public interest benefits of continued LPTV services....

Based upon Entravision's petition for review and these nearly contemporaneous filings, we cannot fairly infer that it intended to seek review of the *Report & Order*. Because Entravision fails to satisfy this first requirement for review of an unspecified order, we need not consider the second requirement—that the Commission not have been prejudiced by Entravision's mistake. *See Southwestern Bell*, 180 F.3d at 314. We conclude that Entravision has not brought the *Report & Order* before this court for review.

■ In a last ditch effort to avoid this conclusion, Entravision claims that, because the Commission's argument based upon *Brotherhood of Locomotive Engineers* and *Southwestern Bell* would dispose entirely of the case, the Commission was required by Interim D.C. Circuit Rule 27(g)(1) to raise it in a timely-filed motion, and the Commission cannot now raise it on brief. Rule 27(g)(1) provides:

> Any motion which, if granted, would dispose of the appeal or petition for review in its entirety, or transfer the case to another court, must be filed within 45 days of the docketing of the case in this court, unless, for good cause shown, the court grants leave for a later filing.

If Entravision's interpretation of our Rule were correct, then we suppose briefs

would contain only non-dispositive arguments and there would be no point in counsel writing them or in our reading them. But of course, Entravision is not correct: the Rule governs motions, not arguments, and is therefore no bar to the disposition of this case on the basis of the arguments in the briefs.

### III. Conclusion

Entravision petitioned for review only of the *Memorandum Opinion & Order*. Under *Brotherhood of Locomotive Engineers*, 482 U.S. at 280, 107 S.Ct. 2360, that order is unreviewable. Entravision's petition is therefore

*Dismissed.*