**CHAMELEON RADIO
CORP., Appellant**

v.

**FEDERAL COMMUNICATIONS
COMMISSION, Appellee**

No. 00–1546.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 27, 2002.

Before HARRY T. EDWARDS and
SENTELLE, Circuit Judges, and
SILBERMAN, Senior Circuit Judge.

JUDGMENT

PER CURIAM.

This appeal was considered on the record from the Federal Communications Commission and on the briefs submitted by the parties. For the reasons stated in the accompanying Memorandum, it is

ORDERED and ADJUDGED by the Court that the decision of the Federal Communications Commission be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

MEMORANDUM

Chameleon Radio Corporation appeals from a decision of the Federal Communications Commission ("FCC") denying Chameleon's petition for reconsideration of an FCC order that revoked Chameleon's license to operate a radio station. See 47 U.S.C. § 402(b). In its order denying Chameleon's petition for reconsideration, the FCC refused to allow Chameleon to transfer its license to a *bona fide* third party, and noted its intention to waive its technical rules in order to re-license the station. Because the facts of this case render both FCC orders unreviewable, we affirm the FCC's decision.

Denials of petitions for reconsideration are unreviewable except insofar as the request for reconsideration is based upon new evidence or changed circumstances. See ICC v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 280, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987); Southwestern Bell Tel. Co. v. FCC, 180 F.3d 307, 311 (D.C.Cir.1999). If the party seeking review fails to state either new evidence or changed circumstances as a ground for reconsideration, this Court will not review the denial of a petition for reconsideration. See Entravision Holdings, LLC v. FCC, 202 F.3d 311, 313 (D.C.Cir.2000).

Chameleon does not identify any new evidence or changed circumstances that would trigger a review of the FCC's decision denying reconsideration of its initial order. Although Chameleon claims that it recently learned of the option of a "distress sale" to transfer its license, this was an option that was previously available to Chameleon. We do not consider "newly raised" but "previously available" matters to be new evidence or changed circumstances that give rise to judicial review. See ICC, 482 U.S. at 283–84, 107 S.Ct. 2360. Chameleon next claims that the FCC's decision to waive technical requirements re-opened the FCC's proceeding and constituted changed circumstances. This claim is meritless. The FCC's decision to waive technical requirements *after*

revoking Chameleon's license, and *after* upholding its decision to revoke Chameleon's license, in no way altered the basis for the FCC's underlying decision. This Court will not find that reconsideration "in fact" occurred when the FCC has made no alteration to the underlying order. *See id.*, 482 U.S. at 280, 107 S.Ct. 2360. Moreover, Chameleon lacks standing to appeal the FCC's decision to waive its technical requirements with respect to Chameleon's previously revoked license because Chameleon has not been injured by that decision. The only cognizable injury of which Chameleon can complain—the loss of its license—occurred before the FCC's decision to waive technical requirements concerning that license. Regardless, Chameleon's only injury (the loss of its license) cannot be redressed by a change in the FCC's waiver provision concerning a license Chameleon no longer holds.

While we cannot review the FCC's denial of Chameleon's petition for reconsideration absent new evidence or changed circumstances, we can review the FCC's underlying order revoking Chameleon's license if we can fairly infer that Chameleon actually sought review of that underlying order. *See Entravision*, 202 F.3d at 313. "A mistaken or inexact specification of the order to be reviewed will not be fatal to the [appeal], however, if the [appellant's] intent to seek review of a specific order can be fairly inferred from the [notice of appeal] or from other contemporaneous filings" such as the docketing statement and the party's statement of issues. *Id.* After reviewing these documents, however, we cannot "fairly infer" that Chameleon sought review of the FCC's underlying decision to revoke its license. Chameleon's notice of appeal and docketing statement refer only to the FCC's order denying Chameleon's petition for reconsideration; contain only the docket number of the FCC's order denying reconsideration; and, provide only the date of the FCC's order denying reconsideration. Moreover, Chameleon's statement of issues refers only to one FCC order, and two of the three issues raised refer only to matters addressed in the reconsideration order. Although the remaining issue raised by Chameleon arguably refers to an issue addressed in the underlying order, this alone does not allow us to "fairly infer" that Chameleon was seeking review of that underlying order. *Id.* at 313. Thus the underlying order revoking Chameleon's license is unreviewable by this Court.