# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

————

Argued May 19, 2005          Decided June 24, 2005

No. 04-1280

TOWN OF SPRINGFIELD, NEW JERSEY, ET AL.,
PETITIONERS

v.

SURFACE TRANSPORTATION BOARD AND
UNITED STATES OF AMERICA,
RESPONDENTS

UNION COUNTY, NEW JERSEY AND
MORRISTOWN AND ERIE RAILWAY, INC.,
INTERVENORS

————

On Petition for Review of an Order of the
Surface Transportation Board

————

*Scott N. Stone* argued the cause and filed the briefs for petitioners.

*Cecelia H. Cannizzaro*, Attorney, Surface Transportation Board, argued the cause for respondents. With her on the brief were *Greer S. Goldman* and *Mark R. Haag*, Attorneys, U.S. Department of Justice, *Ellen D. Hanson*, General Counsel, and *Craig M. Keats*, Deputy General Counsel.

*John D. Heffner* and *John K. Fiorilla* were on the brief for intervenor Union County, New Jersey and Morristown and Erie Railway, Inc. in support of respondents.

Before: RANDOLPH, GARLAND, and ROBERTS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: In July 2002, the Surface Transportation Board awarded the Morristown and Erie Railway a modified certificate of public convenience and necessity to operate two previously-abandoned railway lines in New Jersey. 67 Fed. Reg. 44,928 (July 5, 2002). Those lines, which are located in Union County, pass through five municipalities: the Township of Springfield, the City of Summit, and the Boroughs of Kenilworth, Roselle, and Roselle Park. The State of New Jersey owns the rail lines. The State vested Union County with the authority to oversee the rehabilitation and future use of the lines. Union County entered into a written agreement with the Morristown and Erie Railway to perform the rehabilitation work and operate the lines.

In January 2004, the five municipalities, concerned about several environmental and safety issues, filed a petition asking the Board to reopen its July 2002 decision granting the modified certificate. The Board denied the petition, and the municipalities sought judicial review.

Under the Board's regulation, a petition to reopen "must state in detail the respects in which the proceeding involves material error, new evidence, or substantially changed circumstances." 49 C.F.R. § 1115.4. The municipalities say they satisfied the reopening regulation because Union County first passed a resolution stating that the final stages of the

railway rehabilitation would not occur without the municipalities' approval and then passed a second resolution authorizing the Morristown and Erie Railway to complete the rehabilitation even though the municipalities had not consented. According to the municipalities, none of which participated in the original certificate proceeding, the county's original resolution "lulled" them into inaction during the proceeding. This will not wash. The Board proceedings ended in July 2002. Union County adopted the first resolution in August 2002, more than a month later. Before passing the resolution, Union County sent the municipalities several letters indicating that work would not proceed without their consent, but these letters also came after the Board's action. It is therefore impossible to see how a resolution and letters, dated after the Board's proceeding ended, could have lulled the municipalities into not participating. To state the matter differently, the municipalities cannot show -- as they must -- that the resolution or the letters materially affected the Board's disposition. *Cf.* 49 C.F.R. § 1115.3(b)(1). For obvious reasons, the Board did not rely on those items in reaching its decision.

The municipalities also tell us that the Board committed error when it failed to mention evidence indicating that hazardous wastes are present on the railway lines. Brief of Petitioners at 3-4. We may review the Board's denial of a reopening petition if the petition was based upon new evidence or changed circumstances. But when a reopening petition rested on "material error," the court has no jurisdiction to review a denial of the petition. *ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 280 (1987). Otherwise the time for petitioning for judicial review of the original decision could, in effect, be extended indefinitely -- a reopening petition may be filed at any time.

The municipalities' hazardous waste evidence is not new; it could have been placed before the Board in the original proceeding. Indeed, the municipalities' contentions on this subject relied almost entirely on the administrative record compiled by the Interstate Commerce Commission, the Board's predecessor, when it authorized abandonment of the lines in the early 1990s. No circumstances changed between the time of the Board's decision and the filing of the reopening petition. Given the absence of new evidence about, or changed circumstances relating to, hazardous wastes, the municipalities' reopening petition amounted to nothing more than a claim that the Board erred in its original decision. The Board's refusal to reopen for that reason is therefore not subject to judicial review. *See Entravision Holdings, LLC v. FCC*, 202 F.3d 311, 313 (D.C. Cir. 2000); *see also Schoenbohm v. FCC*, 204 F.3d 243, 250 (D.C. Cir. 2000).

*Petition denied in part, dismissed in part.*