NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted May 11, 2009[*]
Decided May 18, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2768

| | |
|---|---|
| DARO WEILBURG, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| *v.* | No. 06-3222 |
| SUSAN SUGGS, et al., | Jeanne E. Scott, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Daro Weilburg appeals from the denial of his second motion to reconsider the dismissal of his suit against officials of the Taylorville Correctional Center as well as the Illinois Department of Corrections. In his suit, Weilburg alleged that the prison held him beyond his proper release date and that the Department of Corrections defamed him by posting on its website inaccurate information about his crime. The district court dismissed

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

for failure to state a claim, and twenty-eight days later, Weilburg filed his first motion for reconsideration, which the district court denied. About four months after the district court denied Weilburg's motion, he again moved for reconsideration, arguing that newly discovered evidence called into question the district court's ruling. The district court denied that motion too because the evidence in question did not affect its original ruling. Weilburg then filed a notice of appeal that was timely only as to the order denying his second motion for reconsideration. Accordingly, we limited the appeal to a review of that order and we now affirm.

As a threshold matter, the appellees contend that we lack jurisdiction due to fatal errors in Weilburg's notice of appeal. As the appellees explain, Weilburg's notice does not designate the order being appealed and it does not name the court to which the appeal was taken. See FED. R. APP. P. 3(c)(1)(B)-(C). But when he filed the notice, Weilburg attached a docketing statement in which he summarized the arguments he wanted to make on appeal. In that docketing statement, Weilburg asserts that "[t]he entire opinion from the U.S. District Court . . . is without merit," and that the court's ruling after he submitted "newly discovered evidence" was "contrary to the evidence presented."

Federal Rule of Appellate Procedure 3(c)(4) requires that "[a]n appeal must not be dismissed for informality of form." Accordingly, we "construe the Rules liberally in determining whether they have been complied with." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988). Weilburg's docketing statement shows that he intended to appeal from the district court's underlying judgment—that appeal was untimely, though—and from its ruling on the second motion to reconsider. Thus, his failure to technically satisfy Rule 3(c)(1)(B) is not fatal because "sufficient notice was given to apprise the other parties of the issues challenged." *United States v. Segal*, 432 F.3d 767, 772 (7th Cir. 2005); see also *Martin v. FERC*, 199 F.3d 1370, 1372-73 (D.C. Cir. 2000); *Denver & Rio Grande West R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 848-49 (10th Cir. 1997). Moreover, there was no ambiguity regarding which court Weilburg wanted to hear his appeal. Ours is the only circuit with jurisdiction over the appeal, so the appellees could not have been misled by the omission of the court's name. See *Bradley v. Work*, 154 F.3d 704, 707 (7th Cir. 1998); *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1125 (7th Cir. 1996). Though Weilburg's notice of appeal was far from perfect, it does not prevent us from considering the appeal: "'inept' attempts to comply with Rule 3(c) are accepted as long as the appellee is not harmed." *Moran Foods, Inc. v. Mid-Atlantic Market Development Co., LLC*, 476 F.3d 436, 440 (7th Cir. 2007).

Most of Weilburg's arguments on appeal attack the merits of the district court's underlying order dismissing his suit, but as we have explained, our review is limited to the denial of Weilburg's second motion to reconsider. The district court denied that motion

because the evidence Weilburg characterized as newly discovered did not call into question its original judgment. Weilburg seems to think that we may review the original judgment because the court "relied" on it when denying his second motion for reconsideration. Not so; a motion to reconsider is not an appeal, see *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000), so the district court correctly refused to reconsider the analysis of its underlying order. We review only the district court's denial of Weilburg's second motion to reconsider and we will reverse only if the court abused its discretion. See *Stoller*, 528 F.3d at 480.

Weilburg makes two arguments for why the evidence he presented required reconsideration. First, he contends that the evidence demonstrates that the prison knew it was holding him past his proper release date. Second, he argues that the evidence contradicts the district court's ruling that even if he was held past his proper release date, he failed to state a claim for a procedural due process violation because there were adequate state remedies available. See *Toney-El v. Franzen*, 777 F.2d 1224 (7th Cir. 1985). Weilburg's evidence consisted of state court documents, including transcripts and the decision from a state mandamus proceeding held after dismissal, prison documents, and two decisions from state court cases not involving Weilburg.

Even assuming that Weilburg's evidence is "newly discovered" and that it shows conclusively that the prison intentionally held him beyond his release date, that showing makes no difference to the district court's ruling. Weilburg's complaint asserts that he was intentionally held beyond his release date, so, without any evidence at all, the district court accepted that assertion as true when ruling on the motion to dismiss. See *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). The documents from Weilburg's mandamus proceeding reflect a concession on the part of the appellees, in contradiction to their position before the district court, that Weilburg should have been released 72 days sooner. That change in position is hardly commendable, but it has no bearing on the district court's ruling, which rested on the availability of state remedies.

The state court's ruling on Weilburg's mandamus petition is relevant to the availability of state remedies, but it does not contradict the district court's ruling that a state remedy exists. The state court ruled "reluctantly" that there was no remedy available to Weilburg in a mandamus proceeding. But, as the court pointed out, an Illinois inmate held beyond his release date does have a remedy in the Illinois Court of Claims. See, *e.g.*, *Evans v. Illinois*, 55 Ill. Ct. Cl. 395 (2002). Thus, even if the district court could have considered the state court's ruling, see *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 412 (7th Cir.

2006) (distinguishing between evidence that is newly created and evidence that is newly discovered), that ruling did not affect the analysis in the underlying order.

AFFIRMED.