**RAIL–TERM CORP.,** Petitioner

v.

**SURFACE TRANSPORTATION BOARD AND UNITED STATES OF AMERICA,** Respondents

**American Train Dispatchers Association,** Intervenor

No. 15–1033
September Term, 2014

United States Court of Appeals,
District of Columbia Circuit.

Filed On: July 8, 2015

Dennis Martin Devaney, Esquire, Attorney, Varnum LLP, Novi, MI, John David Heffner, Strasburger & Price, LLP, Michael Francis Smith, The Smith Appellate Law Firm, Washington, DC, for Petitioner.

Jeffrey D. Komarow, Trial Attorney, Craig Mitchell Keats, Deputy General Counsel, Evelyn Goldsmith Kitay, Esquire, Deputy General Counsel, Surface Transportation Board, (STB) Office of General Counsel, Washington, DC, for Respondent Surface Transportation Board.

Robert B. Nicholson, Attorney, Scott Anthony Westrich, U.S. Department of Justice, (DOJ) Antitrust Division, Appellate Section, Washington, DC, for Respondent United States of America.

Michael S. Wolly, Zwerdling, Paul, Kahn & Wolly, PC, Washington, DC, for Intervenor for Respondent.

BEFORE: Garland, Chief Judge, Kavanaugh, Circuit Judge, and Ginsburg, Senior Judge

## ORDER

Per Curiam

Upon consideration of the motion to dismiss, the opposition thereto, and the reply, it is

**ORDERED** the motion to dismiss be granted. Petitioner has not shown that the Surface Transportation Board reopened proceedings and issued a new and final order. See *Am. Ass'n of Paging Carriers v. FCC*, 442 F.3d 751, 756 (D.C. Cir. 2006) ("Reopening ... does not necessarily occur by dint of an agency's consideration of the merits."). Moreover, an agency's denial of reconsideration is unreviewable where, as here, the petition for reconsideration was based on material error. See *ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 278, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987). Finally, an intent to challenge the underlying Rail Carrier Decision cannot be fairly inferred from the petition for review and contemporaneous filings. See *Entravision Holdings LLC v. FCC*, 202 F.3d 311, 313 (D.C. Cir. 2000).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.