**Jean-Marc ELBEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 84–7458.**

United States Court of Appeals, Ninth Circuit.

Submitted March 21, 1985.*

Decided Aug. 5, 1985.

Terrence McGuire, McGuire & Herrera, Los Angeles, Cal., for petitioner.

Robert C. Bonner, U.S. Atty., Frederick M. Brosio, Jr., Dzintra I. Janavs, Asst. U.S. Attys., Los Angeles, Cal., for respondent.

Before BARNES, FARRIS and CANBY, Circuit Judges.

PER CURIAM:

Petitioner contends that (1) the Immigration and Naturalization Service (INS) is estopped from deporting him because of its

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.

App.P. 34(a) and Ninth Circuit Rule 3(f).

**1314**

affirmative misconduct in allegedly forcing his wife, a United States citizen, to withdraw her "immediate relative" visa petition; (2) the Immigration Judge's rejection of his estoppel defense denied him an opportunity to present evidence as required by 8 U.S.C. § 1252(b); and (3) the Board of Immigration Appeals (BIA) erred in finding his estoppel claim to be without merit. We deny the petition.

## BACKGROUND

Jean-Marc Elbez, a 25-year-old native and citizen of France, entered the United States in September 1980, as a non-immigrant visitor with authority to remain until October 18, 1980. In November 1980, the INS denied his application for an extension of stay. In December 1981, Elbez married a United States citizen, who filed a visa petition for him in March 1982.[1]

At the interview regarding the petition in June 1982, Elbez and his wife were separately interrogated. Elbez alleged that an INS officer threatened his wife with five years imprisonment if she did not withdraw her petition. Elbez's wife withdrew her petition, and Elbez was arrested and processed for deportation.

At the deportation hearing, Elbez admitted his overstay but contested his deportability on the ground of upon the purported misconduct of the INS interviewer. The Immigration Judge rejected this estoppel defense, and found Elbez deportable for overstaying his visitor's visa. The BIA affirmed.

## DISCUSSION

Elbez concedes that, but for the affirmative misconduct of the INS agent, he would be otherwise deportable for having overstayed his nonimmigrant visa. *See* 8 U.S.C. § 1251(a)(2). He contends, however, that the INS is estopped from deporting him because if the agent had not coerced

his wife into withdrawing her I–130 visa petition, his status would have been adjusted to that of lawful permanent resident and he never would have been placed in deportation proceedings.

■ Even if it is assumed, *arguendo*, that Elbez's allegations of misconduct are correct, there are two flaws in his argument. First, Elbez's contention that his status would have been adjusted to that of lawful permanent resident if the INS had not engaged in affirmative misconduct is mere conjecture. Even if he were statutorily eligible for adjustment of status, the Attorney General could deny adjustment of status in the exercise of his discretion. *See* 8 U.S.C. § 1255; *Dabaghian v. Civiletti*, 607 F.2d 868, 871 (9th Cir.1979).

■ Second, we lack jurisdiction to consider Elbez's contentions. The issues raised by Elbez pertain to visa petition procedures. Matters relating to the withdrawal of visa petitions, however, are not within the scope of a deportation proceeding, and therefore are not reviewable by the court of appeals. *See De Figueroa v. INS*, 501 F.2d 191, 194 (7th Cir.1974). Any determination regarding INS conduct during a visa petition proceeding is collateral to a deportation order, *id.*, and must be initially raised in the district court. *See Scalzo v. Hurney*, 314 F.2d 675, 675 (3rd Cir.1963); *Galvez v. Howerton*, 503 F.Supp. 35, 38 (C.D.Cal.1980); *Stokes v. INS*, 393 F.Supp. 24, 28 (S.D.N.Y.1975).

DENIED.[2]

---

1. Elbez's wife filed, on his behalf, Immigration and Naturalization Form I–30 (petition for designation as an "immediate relative" with consequent preferential immigration status). *See* 8 U.S.C. § 1151(a)-(b).

2. Our disposition makes it unnecessary to reach the merits of petitioner's estoppel claim.