Alfredo Bonifacio DE PERIO; Marc Philip Luna De Perio; Allan Rey Luna De Perio; Myrna De Perio, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74638.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2007.*

Filed March 7, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lisa Ellen Seifert, Seifert Law Offices, Olympia, WA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Christopher Lee Pickrell, Esq., Priscilla T. Chan, Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: FISHER and TALLMAN, Circuit Judges, and MILLS, District Judge.**

## MEMORANDUM ***

Petitioners Alfredo and Myrna De Perio and their children filed a petition for a writ of habeas corpus in the district court challenging the former Immigration and Naturalization Service district director's failure to cancel the revocation of Alfredo De Perio's visa application for humanitarian reasons. The district court transferred the matter to this court pursuant to § 106(c) of the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231.

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

■ We are not precluded by 8 U.S.C. § 1252(a)(2)(B)(ii) from exercising jurisdiction over this appeal because that statute "applies only to acts over which a *statute* gives the Attorney General pure discretion," *Medina–Morales v. Ashcroft,* 371 F.3d 520, 528 (9th Cir.2004) (emphasis added), and thus does not apply to our review of a discretionary decision made pursuant to regulation. *See also Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir.2006). Nor does *Elbez v. INS,* 767 F.2d 1313, 1314 (9th Cir.1985), prevent us from reviewing this case. That case merely stands for the proposition that "[m]atters relating to the withdrawal of visa petitions ... are not within the scope of a deportation proceeding" and "must be initially raised in the district court." *Id.* The De Perios did raise the matter in a collateral proceeding in the district court and only find themselves before this court by operation of the REAL ID Act. Absent any applicable jurisdictional bar, we have jurisdiction under 28 U.S.C. § 1331 and the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq. *See ANA Int'l Inc. v. Way,* 393 F.3d 886, 890 (9th Cir.2004).

■ The doctrine of res judicata does not apply because our prior decision involving the De Perios did not resolve petitioners' visa revocation claims on the merits. *See, e.g., Western Radio Services Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997). Instead, in the prior case the De Perios had "not petition[ed] for review of the visa petition decision" and thus that challenge was "not before us." *See De Perio v. Ashcroft,* 120 Fed.Appx. 75, 76 (9th Cir.2005) (unpublished disposition). We therefore lacked jurisdiction over the visa challenge raised here, *see id.,* and

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

there was no "final judgment *on the merits* " with regard to that issue. *See Western Radio,* 123 F.3d at 1192 (emphasis added).

■ The district director did not abuse his discretion by failing to cancel the automatic revocation of Alfredo De Perio's visa petition for humanitarian reasons. *See* 8 C.F.R. § 205.1(a)(3)(i)(C) (1998). The director offered "facially legitimate and bona fide reasons[s]" for refusing to revoke cancellation, *see Noh v. INS,* 248 F.3d 938, 942 (9th Cir.2001), including De Perio's failure to come to the United States until after his mother's death, his filing of a fraudulent asylum petition and the relative strength of his ties to the United States and the Philippines.

As petitioners have never allowed the period for voluntary departure to lapse, they still qualify for that remedy. Accordingly, the stay of removal and voluntary departure shall remain in force until 30 days following issuance of the mandate.

**PETITION DENIED.**

TALLMAN, Circuit Judge, concurring and dissenting:

While I agree with my colleagues that the De Perios' claims do not warrant granting their petition for review, I respectfully dissent because we lack jurisdiction to reach the merits of their appeal. We should simply dismiss the petition for that reason. The BIA issued two orders on July 10, 2003—one involving the IJ's denial of the petitioners' request for a continuance of the removal proceeding, and one involving the revocation of Mr. De Perio's visa petition. As they did in their previous appeal to this court, *see De Perio v. Ashcroft,* 120 Fed.Appx. 75, 76 (9th Cir. 2005), the De Perios appealed the first of the BIA orders, but not the visa petition decision.

Indeed, the petitioners asserted—both in their brief to us and in their habeas petition below—that the BIA never issued an order regarding the revocation of the visa petition. When the government included the missing BIA order in its supplemental excerpts of record, petitioners' counsel did not bother to submit a reply brief acknowledging the order or arguing that we should review it.

Because the De Perios did not petition for review of the BIA's visa petition decision, they failed to exhaust their administrative remedies, and we lack jurisdiction to review that decision. Federal Rule of Appellate Procedure 15(a)(2)(C) provides that "[t]he petition must ... specify the order or part thereof to be reviewed." While the Ninth Circuit has not yet had the occasion to apply this provision, other circuits have found that failure to comply with its mandate divests us of jurisdiction. *See LaRouche's Comm. for a New Bretton Woods v. FEC,* 439 F.3d 733, 739 (D.C.Cir. 2006); *Entravision Holdings, LLC v. FCC,* 202 F.3d 311, 312–14 (D.C.Cir.2000); *N.J. Dept of Envtl. Prot. & Energy v. Long Island Power Auth.,* 30 F.3d 403, 413–14 (3d Cir.1994).

It is of no consequence that had the correct order been appealed we may have had the power to review it and to find that it lacks merit. I express no opinion on whether we have jurisdiction under any circumstances to review the denial of a visa application. Because my colleagues review an order that is not properly before us, I must respectfully dissent. The petition ought simply to have been dismissed.