Todor Nedyalkov DIMITROV,
Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–74096.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 23, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nicolette Glazer, Law Offices of Larry R. Glazer, Century City, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Blair T. O'Connor, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Todor Nedyalkov Dimitrov, a native and citizen of Bulgaria, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") denial of his motion to continue. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion an IJ's denial of a motion for a continuance, *Sandoval–Luna*

v. *Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam), and de novo claims of due process violations in removal proceedings, *id.* We dismiss the petition for review in part and deny in part.

■ To the extent Dimitrov challenges United States Citizenship and Immigration Services' ("USCIS") denial of the visa petition filed on Dimitrov's behalf, we lack jurisdiction. *See Elbez v. INS*, 767 F.2d 1313, 1314 (9th Cir.1985) (visa petition decisions are collateral matters "not within the scope of a deportation proceeding, and therefore not reviewable by the Court of Appeals").

■ Contrary to Dimitrov's contentions challenging the nature and sufficiency of the evidence of the visa petition denial, the IJ acted within his discretion in denying Dimitrov's motion to continue because Dimitrov's counsel advised the IJ that US-CIS intended to deny the visa petition. *See Sandoval–Luna*, 526 F.3d 1243, 1247 (IJ's denial of an additional continuance was within discretion where relief was not immediately available to petitioner); 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown); *id.* § 1240.8(d) (alien bears burden of proving eligibility for relief from removal).

Therefore, Dimitrov has not established that the IJ's denial of the motion to continue violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

■ The IJ granted Dimitrov voluntary departure and ordered him removed to Bulgaria if he did not post a voluntary departure bond. Dimitrov does not dispute that he failed to post the bond and

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

does not explain why. Therefore, the BIA did not violate due process in enforcing the alternate removal order. *See* 8 C.F.R. § 1240.26(c)(3) ("If the bond is not posted within 5 business days, the voluntary departure order shall vacate automatically and the alternate order of removal will take effect on the following day."); *see also Lata,* 204 F.3d at 1246 (requiring error for a due process violation).

We grant the government's motion to withdraw its argument that we lack jurisdiction to review the denial of a motion to continue.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.