**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHANG YOUNG JUNG,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-75052

Agency No. A079-769-300

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2010[**]

Before:      LEAVY, HAWKINS, and IKUTA, Circuit Judges.

Chang Young Jung, a native and citizen of South Korea, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") removal order.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review de novo claims of due process violations.  *Sandoval-*

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the United States Citizenship and Immigration Services' ("USCIS") denial of Jung's U visa application.  *See Elbez v. INS*, 767 F.2d 1313, 1314 (9th Cir. 1985) (visa petition process is collateral to a deportation order and must be raised initially in the district court).

The BIA and the IJ properly determined that they lacked jurisdiction to consider Jung's application for a U visa.  *See Lee v. Holder*, 599 F.3d 973, 975-76 (9th Cir. 2010) (per curiam) (USCIS has sole jurisdiction over all U visa applications).  Therefore, Jung's due process claim fails.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

Jung's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

07-75052