**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IBRAHIM SAID AOUN, | No. 14-70623 |
| Petitioner, | Agency No. A099-209-217 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Ibrahim Said Aoun, a native of Lebanon and a citizen of Canada, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's denial of his application for adjustment of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

status, and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

Aoun has not challenged the BIA's determination that he failed to support his motion to remand with evidence that a visa petition had been refiled on his behalf. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived). Because the BIA's determination is dispositive, we do not reach Aoun's remaining contention regarding his prior counsel's ineffective assistance.

We lack jurisdiction to consider Aoun's contentions challenging the United States Citizenship and Immigration Services' revocation of his approved visa petition, and the BIA's September 15, 2011, order affirming such revocation. *See Elbez v. INS*, 767 F.2d 1313, 1314 (9th Cir. 1985) (visa petition decisions are collateral matters not within the scope of a deportation proceeding, and therefore not reviewable by the court of appeals).

We lack jurisdiction to consider Aoun's unexhausted due process claims. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (explaining that due process claims, procedural in nature, must be exhausted).

Aoun's motion to stay proceedings is denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**