**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMED LAHMAR, | No. 18-70990 |
| Petitioner, | Agency No. A206-548-342 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Mohamed Lahmar, a native and citizen of Tunisia, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by

8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

continuance. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying for lack of good cause Lahmar's motion for a continuance to await the BIA's decision on his appeal of the revocation of his visa petition. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (citation omitted)). Lahmar's evidence did not support his contention that the agency would change its decision, and the basis for the motion remained merely a speculative possibility at the time of his final removal hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance based on . . . speculations.").

Contrary to Lahmar's contention, we lack jurisdiction to consider his challenges to the revocation of his visa petition by U.S. Citizenship and Immigration Services. *See Elbez v. INS*, 767 F.2d 1313, 1314 (9th Cir. 1985) (visa petition decisions are collateral matters not within the scope of a removal proceeding, and therefore not reviewable by the court of appeals).

We do not consider the documents that Lahmar submitted at Docket Entries No. 22 and No. 23, because they were not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out of record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**