# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 15, 2007      Decided December 7, 2007

No. 06-1111

SPRINT NEXTEL CORPORATION,
PETITIONER

v.

FEDERAL COMMUNICATIONS COMMISSION AND
UNITED STATES OF AMERICA,
RESPONDENTS

QWEST CORPORATION, ET AL.,
INTERVENORS

Consolidated with
06-1113, 06-1115, 06-1167, 06-1200

On Petitions for Review of an Order of the
Federal Communications Commission

*Christopher J. Wright* and *David P. Murray* argued the cause for Carrier Petitioners. With them on the briefs were *John W. Butler*, *Robert K. Magovern*, *Russell M. Blau*, *Patrick J. Donovan*, *Joshua M. Bobeck*, *Timothy J. Simeone*, *Thomas Jones*, *Randy J. Branitsky* and *Mary C. Albert*. *Richard M. Rindler* entered an appearance.

*Christopher J. White* was on the brief for petitioner New Jersey Division of Rate Counsel.

*Colleen L. Boothby* was on the brief for intervenor Ad Hoc Telecommunications Users Committee in support of petitioner.

*Joseph R. Palmore*, Deputy General Counsel, Federal Communications Commission, argued the cause for respondents. With him on the brief were *Samuel L. Feder*, General Counsel, *Jacob M. Lewis*, Associate General Counsel, *John E. Ingle*, Deputy Associate General Counsel, and *Nandan M. Joshi*, Attorney. *Robert J. Wiggers*, *Alisa B. Klein*, *Isaac J. Lidsky*, *Mark B. Stern*, and *Robert B. Nicholson*, Attorneys, U.S. Department of Justice, entered appearances.

*Scott H. Angstreich* argued the cause for intervenors Verizon, et al. With him on the brief were *James D. Ellis*, *Gary L. Phillips*, *Robert B. McKenna*, *Michael K. Kellogg*, *Mark L. Evans*, *Gregory G. Rapawy*, *Michael E. Glover*, *Edward H. Shakin*, and *William H. Johnson*.

Before: RANDOLPH and GARLAND, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

RANDOLPH, *Circuit Judge*: The Verizon telephone companies filed a petition requesting the Federal Communications Commission to refrain – to forbear – from applying several regulatory requirements[1] to its broadband

---

[1]Verizon requested forbearance from Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*, and the *Computer Inquiry* rules. *See In re Regulatory and Policy Problems Presented by the Interdependence of Computer and Communication Services and Facilities*, 28 F.C.C.2d 267, 1971 WL 22948 (1971); *In*

services. Forbearance petitions are governed by 47 U.S.C. § 160. The Commission must forbear if it determines that a petition meets the requirements of § 160(a). If the Commission "does not deny the petition for failure to meet" the § 160(a) requirements within a specified amount of time, the "petition shall be deemed granted." § 160(c). In Verizon's case, the Commissioners deadlocked with a 2-2 vote on a draft memorandum opinion and order that would have granted the petition in part and denied it in part.[2] After failing to adopt any order before the statutory deadline, the Commission issued a press release announcing that Verizon's petition "was deemed granted by operation of law." Individual statements of the Commissioners were also released.

Several telecommunications carriers, a national trade association representing communications companies, and the New Jersey Division of Rate Counsel sought judicial review of the Commission's disposition of Verizon's forbearance petition. Petitioners' main point is that the deadlocked vote on the draft order had the effect of denying Verizon's petition. In the alternative, they contend that the "deemed" grant constitutes agency action that should be vacated as arbitrary and capricious.

The Hobbs Act grants the courts of appeals exclusive jurisdiction over "all final orders of the" Commission. 28 U.S.C. § 2342(1); *see* 47 U.S.C. § 402(a). And the

---

*re Amendment of Section 64.702 of the Commission's Rules and Regulations (Second Computer Inquiry)*, 77 F.C.C.2d 384, 1980 WL 356789 (1980); *In re Computer III Further Remand Proceedings: Bell Operating Company Provision of Enhanced Services*, 14 F.C.C. Rcd. 4289, 1999 WL 125819 (1999).

[2]One of the five Commission seats was vacant at the time of the vote. *See* 47 U.S.C. § 154(a).

4

Administrative Procedure Act renders final "agency action" subject to judicial review.[3] But in this case where is the Commission "order," and where is the "agency action"? The Commission did not engage in any "circumscribed, discrete" act. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004). It did nothing, which is why the "deemed granted" provision kicked in.

The deadlocked vote cannot be considered an order of the Commission nor can it constitute agency action. The votes were actions of the individual Commissioners, not the Commission. Petitioners think the deadlock had the effect of denying the forbearance petition. They point to the general rule that a tied vote retains the status quo. Affirmed by an equally divided court is a judicial example. *See*, *e.g.*, *Neil v. Biggers*, 409 U.S. 188, 191–92 (1972). A similar rule applies in the legislature. *See*, *e.g.*, THOMAS JEFFERSON, A MANUAL OF PARLIAMENTARY PRACTICE § 41, at 91 (Hogan & Thompson 1850) ("[I]f the House be equally divided . . . the former law is not to be changed but by a majority."). These consequences follow from the "almost universally accepted common-law rule" that only a "majority of a collective body is empowered to act for the body." *FTC v. Flotill Prods., Inc.*, 389 U.S. 179, 183 (1967).

The Commission, too, acts by majority vote. Ties therefore do not result in Commission action. *See*, *e.g.*, *WIBC, Inc. v. FCC*, 259 F.2d 941, 943 (D.C. Cir. 1958). The Commission did not grant Verizon's petition and it did not deny it. In those instances in which the Commission does not deny a forbearance petition, Congress has spelled out the legal effect: the petition

---

[3]"Agency action" encompasses any reviewable action that an agency might take and "includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

"shall be deemed granted." 47 U.S.C. § 160(c). The grant does not result in reviewable agency action. Congress, not the Commission, "granted" Verizon's forbearance petition. That conclusion is compelled by *AT&T Corp. v. FCC*, in which we addressed the expiration of regulatory safeguards for certain long-distance telephone providers. *See* 369 F.3d 554, 555–56 (D.C. Cir. 2004). The statute in that case included a sunset provision, which stated that the safeguards "shall cease to apply . . . 3 years after the date such [provider] is authorized to provide" long-distance services, "unless the Commission extends such 3-year period by rule or order." 47 U.S.C. § 272(f)(1). Three years after Verizon was authorized to provide long-distance services, the Commission issued a public notice announcing that the safeguards had ceased to apply pursuant to § 272. *AT&T*, 369 F.3d at 558. AT&T petitioned this court, arguing that the Commission had to explain its decision to permit the sunset to occur. *Id.* at 559. We dismissed the petition for review, holding that "AT&T incorrectly assumes that the decision whether to sunset the § 272 safeguards lies with the FCC. This is simply wrong. Congress made the decision to extinguish the protections of § 272 *by operation of law*." *Id.* at 560. The same is true here. Congress made the decision in § 160(c) to "grant" forbearance whenever the Commission "does not deny" a carrier's petition. When the Commission failed to deny Verizon's forbearance petition within the statutory period, Congress's decision – not the agency's – took effect.

*AT&T* also made clear that the public notice announcing the sunset was not reviewable agency action. *See id.* at 561–62. The Commission's press release here is analogous. Because the Commission had taken no action (beyond the implicit decision to treat the vote as a failure to deny the petition), the press release was "purely informational . . . ; it imposed no obligations and denied no relief." *Indep. Equip. Dealers Ass'n v. EPA*, 372 F.3d 420, 427 (D.C. Cir. 2004). Nor are the Commissioners'

individual statements accompanying the press release reviewable. Their statements are not institutional Commission actions. *See Ill. Citizens Comm. for Broad. v. FCC*, 515 F.2d 397, 402 (D.C. Cir. 1975).

That the Commission took no action in this case is clearer still in light of the implications of a contrary ruling. The Administrative Procedure Act instructs courts to set aside agency action "found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We therefore require more than a result; we need the agency's reasoning for that result. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971). Even when we agree with an agency's ultimate judgment, "[i]n administrative law, we do not sustain a 'right-result, wrong-reason' decision of an agency. We send the case back to the agency so that it may fix its reasoning or change its result." *People's Mojahedin Org. of Iran v. U.S. Dep't of State*, 182 F.3d 17, 23 n.7 (D.C. Cir. 1999) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)).

If we found reviewable action in this case, where would we find the Commission's reasoning? The Commission must explain its decision only when it "grant[s] or den[ies] a petition in whole or in part." 47 U.S.C. § 160(c). Petitioners suggest that judicial review of the "deemed granted" petition should turn on the reasoning contained in the joint statement of the two Commissioners who voted in favor of the draft order. But that makes no sense. Their individual statements do not represent the Commission's views, and their position was not that Verizon's petition should be granted in full, which is what "deemed granted" means. *Compare Ill. Citizens Comm.*, 515 F.2d at 402.

Petitioners also argue that failing to review a "deemed granted" forbearance petition will enable the Commission, by simply not acting, to evade judicial review of any forbearance petition the Commission wants to grant. But that is the consequence of the system Congress mandated in § 160(c). There is no indication that the Commission or individual Commissioners have abused this provision or have acted in bad faith. Absent such evidence, it is appropriate to assume that their behavior is regular and proper. *See FCC v. Schreiber*, 381 U.S. 279, 296 (1965); *United States v. Morgan*, 313 U.S. 409, 421 (1941). The Commissioners are appointed by the President with the advice and consent of the Senate. 47 U.S.C. § 154(a). We presume those elected bodies select individuals of "conscience and intellectual discipline" who will perform their duties diligently. *Morgan*, 313 U.S. at 421.

We also recognize that because a deadlocked vote is unreviewable, we lack jurisdiction in what may be the hardest cases – cases in which the forbearance petition raises such difficult issues that it produces an equally divided vote among the Commissioners. Be that as it may, the statute is clear. Section 160(c) directs that a petition is deemed granted if the Commission "does not deny" it.

One final point needs to be mentioned. Petitioners argue that the Commission must have decided, before issuing its press release, that the deadlocked vote did not deny the forbearance petition;[4] otherwise, the petition could not have been "deemed granted." *See* Br. of Carrier Pet'rs 26; Reply Br. of Carrier Pet'rs 4. A press release creating binding legal obligations may sometimes provide reviewable agency action. *See*, *e.g.*, *Croplife*

---

[4]Each of the Commissioners' statements recognizes that the forbearance petition was "deemed granted" due to the Commission's inaction.

*Am. v. EPA*, 329 F.3d 876, 883 (D.C. Cir. 2003).  But even if we viewed the case this way, the result would be the same.  We agree that the deadlocked vote did not represent the Commission's denial of the forbearance petition and that in § 160(c) Congress directed the Commission to treat a petition it does not deny as granted by operation of law.

For the foregoing reasons, the petitions for judicial review are denied.

*So ordered.*