# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued April 18, 2016            Decided July 5, 2016

No. 15-1067

THE TENNIS CHANNEL, INC.,
PETITIONER

v.

FEDERAL COMMUNICATIONS COMMISSION AND UNITED
STATES OF AMERICA,
RESPONDENTS

COMCAST CABLE COMMUNICATIONS, LLC,
INTERVENOR

On Petition for Review of an Order of
the Federal Communications Commission

*Stephen A. Weiswasser* argued the cause for petitioner. With him on the briefs was *Daniel E. Matro*.

*Scott M. Noveck*, Counsel, Federal Communications Commission, argued the cause for respondents. With him on the briefs were *William J. Baer*, Assistant Attorney General, U.S. Department of Justice, *Kristen C. Limarzi* and *Robert J. Wiggers*, Attorneys, Jonathan B. Sallet, General Counsel, Federal Communications Commission, *David M. Gossett*, Deputy General Counsel, and *Jacob M. Lewis*, Associate General Counsel. *Richard K. Welch*, Deputy Associate General

Counsel, Federal Communications Commission, and *Maureen K. Flood*, Counsel, entered appearances.

*Jonathan C. Bond* argued the cause for intervenor Comcast Cable Communications, LLC. With him on the brief were *Miguel A. Estrada* and *Lynn R. Charytan*.

Before: ROGERS, BROWN and PILLARD, *Circuit Judges*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, J., *Circuit Judge*: This petition for review stems from a complaint filed by the Tennis Channel, Inc., alleging that Comcast Cable Communications, LLC, violated Section 616 of the Communications Act, 47 U.S.C. § 536, by giving preferential treatment to its affiliated networks in programming tier placement. Tennis Channel prevailed before the Federal Communications Commission, but its fortunes faltered when the court held that the Commission and Tennis Channel had failed to identify substantial evidence of unlawful discrimination based on affiliation. *Comcast Cable Commc'ns v. FCC* ("*Tennis I*"), 717 F.3d 982 (D.C. Cir. 2013). On remand, the Commission resolved the entirety of Tennis Channel's complaint in Comcast's favor and denied Tennis Channel's petition for further proceedings. For the following reasons, we deny the petition for review of the order on remand.

## I.

Section 616 of the Communications Act bars multichannel video programming distributors ("MVPD") like Comcast from discriminating against unaffiliated programming networks like Tennis Channel, a sports programming network, in making decisions about content distribution. 47 U.S.C. § 536(a)(3). Such discrimination is unlawful where the effect is to

"unreasonably restrain the ability of an unaffiliated video programming vendor to compete fairly." 47 C.F.R. § 76.1301(c).

The administrative law judge ruling on Tennis Channel's complaint found that Comcast had violated Section 616, and the Commission affirmed. *Tennis Channel, Inc.* ("*Initial Order*"), 27 FCC Rcd. 8508, 8509 (2012). The court granted Comcast's petition for review, concluding that the record did not support the finding that Comcast had violated Section 616. *See Tennis I*, 717 F.3d at 987. Assuming the correctness of the Commission's interpretation of Section 616, *id.* at 984–85, the court held there was not substantial evidence to show that Comcast had not based its tiering decision on business considerations, *id.* at 985–87.[1] Tennis Channel petitioned for rehearing and rehearing en banc, arguing that *Tennis I* represented a departure from anti-discrimination precedent, Pet. for Reh'g 4–11, *Tennis I*, 717 F.3d 982 (2013) (No. 12-1337), and seeking an express remand for further proceedings because *Tennis I* might be understood to preclude further record review by the Commission, *id.* at 11–15. The court denied the petition.

On remand before the Commission, Tennis Channel filed a petition for further proceedings and reaffirmation of the *Initial Order*. Specifically, Tennis Channel requested the Commission reevaluate its complaint against Comcast in view of what it

---

[1] In separate concurrences, Judge Kavanaugh opined that the Commission's interpretation of Section 616 violated the First Amendment, because it did not require a showing of MVPD market power, *Tennis I*, 717 F.3d at 994 (Kavanaugh, J., concurring), and Judge Edwards opined that Tennis Channel's complaint was untimely under 47 C.F.R. § 76.1302(f) (2010), noting concerns about the lack of fair notice under the Commission's interpretation of when Section 616 complaints must be filed. *Id.* at 994–95 (Edwards, J., concurring).

characterized as the "new" evidentiary test established in *Tennis I*, Pet. 11–12, and argued there was sufficient evidence in the administrative record for the Commission to find Comcast had violated Section 616. Alternatively, Tennis Channel requested that the record be reopened to allow Tennis Channel to submit additional evidence if the Commission concluded the existing record was lacking.

The Commission denied Tennis Channel's petition. It declined, in view of *Tennis I*, to search the record for evidence that might sustain the discrimination complaint and denied Tennis Channel's complaint in its entirety. *Tennis Channel, Inc.* ("*Remand Order*"), 30 FCC Rcd. 849, 851–52 ¶ 7 (2015). The Commission concluded that the evidentiary test emphasized in *Tennis I* was not novel, but could be viewed as "simply provid[ing] examples of the types of evidence that might have been adequate to prove that broader carriage would have yielded net benefits to Comcast." *Id.* at 852 ¶ 7. It further concluded that in *Tennis I* the court had considered the evidence in the administrative record and consequently there was no room left for the Commission to reconsider the discrimination question as the court had "neither invited nor directed the Commission to address on remand the evidentiary shortcomings identified in its decision." *Id.* The Commission also denied Tennis Channel's requests for further proceedings. Because *Tennis I* had already analyzed the administrative record, additional briefing was unnecessary, *id.*, and because Tennis Channel had had a "full and fair opportunity to litigate its complaint," the benefit of reopening the record was outweighed by "the interest in bringing the proceeding to a close," *id.* at 852 ¶ 8.

**II.**

Petitioning the court for review of the *Remand Order*, Tennis Channel challenges both the Commission's decision to

deny its complaint and the determination that no further proceedings are warranted. First, Tennis Channel contends that the Commission ignored its obligation to make findings following remand and erred in determining that the discrimination complaint was fully resolved by *Tennis I*'s analysis of the record. Had the Commission reexamined the record, Tennis Channel maintains that it would have found evidence of discrimination sufficient to satisfy *Tennis I*'s "new" evidentiary test and to reaffirm its conclusion in the *Initial Order* that Comcast had unlawfully discriminated on the basis of affiliation. In particular, it would have found evidence that Comcast's asserted business decision was a pretext for affiliate discrimination and that Comcast would have received a net benefit or at least incurred no greater incremental loss from moving Tennis Channel to a more favorable tier. The Commission's decision to reverse the *Initial Order* and deny Tennis Channel's discrimination complaint was therefore, it maintains, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706; *see also Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Second, Tennis Channel contends that this was a situation where the Commission should have allowed further briefing and evidence in view of *Tennis I*'s "new" evidentiary test for proving Section 616 discrimination.

**A.**

Although Tennis Channel's petition for review might be understood as focusing only on the denial on remand of its requests for the Commission to reconsider the findings in the *Initial Order* and make additional factual findings, it is clear that Tennis Channel also objects to the Commission's denial of its complaint. Because that part of the *Remand Order* is a "new and final order setting forth the rights and obligations of the parties," *see ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270,

278 (1987), there is little question that the court has jurisdiction to determine whether the Commission adequately supported its decision to deny the complaint, *see id.*; *see also Schoenbohm v. FCC*, 204 F.3d 243, 245–46 (D.C. Cir. 2000).

Tennis Channel's contention that the Commission acted arbitrarily and capriciously in denying its complaint is premised on the view that the Commission misread *Tennis I* as having determined that there was no evidence in the administrative record that might have supported Tennis Channel's discrimination complaint against Comcast. The better reading of *Tennis I*, it maintains, is that the court held only that the findings made by the Commission in the *Initial Order* were insufficient to sustain its discrimination claim. This reading follows, it states, from the traditional administrative law principle that judicial review is limited to analyzing whether the findings and reasoning supplied by the agency adequately support its decision, *see, e.g.*, *Sprint Nextel Corp. v. FCC*, 508 F.3d 1129, 1132–33 (D.C. Cir. 2007), and *Tennis I*'s focus on the deficiencies in the Commission's presentation of the evidence, not the record as a whole. Understanding *Tennis I* to have gone further was all the more remarkable, Tennis Channel suggests, in view of *Tennis I's* "new" evidentiary test for showing under Section 616 that an MVPD did not make its decision based on a business justification. Had the Commission understood *Tennis I* to have rejected only the approach in the *Initial Order*, then the Commission could not have denied Tennis Channel's complaint without conducting additional fact-finding on whether there was record evidence that Comcast had not based its tiering decision on business considerations.

The Commission's view that *Tennis I* had concluded that the administrative record lacked substantial evidence on which the Commission could find discrimination is consistent with administrative law principles. As Tennis Channel seems to

recognize, *see* Pet'r's Br. 30–31, the court did not decide factual issues that the Commission never considered. *See Sprint Nextel*, 508 F.3d at 1132–33; *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943). Instead, the court explained that there was not substantial evidence to support the *Initial Order*'s finding of affiliate discrimination. *See Tennis I*, 717 F.3d at 984–87. Even assuming that a court would usually review only the record associated with the reasons given by the agency, and remand upon finding those reasons unsupported by substantial evidence, *see Gonzales v. Thomas*, 547 U.S. 183, 186 (2006); *INS v. Ventura*, 537 U.S. 12, 16–17 (2002), there is nothing to prevent a reviewing court from examining the entire record to determine whether additional fact-finding would be necessary on remand. As here, where there was a fully developed administrative record devoid of evidence that might have supported the Commission's Section 616 determination, the court could explain that no further analysis was required on remand. *See, e.g., George A. Hormel & Co. v. NLRB*, 962 F.2d 1061, 1066 (D.C. Cir. 1992); *Guardian Moving & Storage Co. v. ICC*, 952 F.2d 1428, 1433–34 (D.C. Cir. 1992); *Vance v. Heckler*, 757 F.2d 1324, 1325 (D.C. Cir. 1985). Of course, no such express determination can be found in *Tennis I. Cf. George A. Hormel*, 962 F.2d at 1066; *Guardian Moving*, 952 F.2d at 1433–34. Nonetheless, Tennis Channel fails to show that the Commission acted arbitrarily and capriciously when it interpreted *Tennis I* consistently with that administrative law precedent.

For the Commission to have understood *Tennis I* as requiring additional record analysis on remand, the Commission would have had to ignore the court's statements that it had reviewed the administrative record and determined neither Tennis Channel nor the Commission in its *Initial Order* had pointed to substantial evidence to support finding Section 616 discrimination. *See Tennis I*, 717 F.3d at 984–87. Although Tennis Channel suggests full review of the administrative record

would have been unlikely, because *Tennis I* adopted a "new" evidentiary test for establishing discrimination such that it was obvious a remand was required, the Commission rejected the view that *Tennis I* had established a new test and explained why it reached that conclusion. *See Remand Order*, 30 FCC Rcd. at 851–52 ¶¶ 7–8. Not only had the court assumed the correctness of the Commission's interpretation of Section 616, *see id.* at 851–52 ¶ 7 (citing *Tennis I*, 717 F.3d at 984), the court's analysis reflected Commission precedent that an MVPD's decision is not discriminatory if based on a legitimate and non-discriminatory business purpose, *see Tennis I*, 717 F.3d at 985 (citing *Mid-Atlantic Sports Network*, 25 FCC Rcd. 18,099, 18,115 ¶ 22 (2010)); *see also TCR Sports Broad. Holding LLP v. FCC*, 679 F.3d 269, 274–77 (4th Cir. 2012). As the Commission explained, the court was "simply provid[ing] examples of the types of evidence" that might have sufficed to undermine the legitimacy of Comcast's claimed business justification. *Remand Order*, 30 FCC Rcd. at 852 ¶ 7.

At best, Tennis Channel has established that in *Tennis I* the court had the option of remanding the case for further Commission review of the record to determine if there was sufficient evidence to support the conclusion in the *Initial Order*. But the court did not exercise that option. Under the circumstances, the Commission correctly concluded that *Tennis I* left no room for it to find discrimination on the existing administrative record.

Tennis Channel's reliance on Section 402(h) is misplaced. That section provides that "[i]n the event that the court shall render a decision and enter an order reversing the order of the Commission, it shall remand the case to the Commission to carry out the judgment of the court and it shall be the duty of the Commission . . . to forthwith give effect thereto." 47 U.S.C. § 402(h). All this means is that even if section 402(h) applied,

*see E. Carolinas Broad. Co. v. FCC*, 762 F.2d 95, 100 n.6 (D.C. Cir. 1985), the Commission was required to carry out the judgment of the court, whatever it may be.  It does not suggest that the court, upon finding an agency's reasons deficient, must always remand for further record review and factfinding.  By conducting proceedings consistent with the court's grant of Comcast's petition for review and vacatur of the *Initial Order*, the Commission satisfied the requirements of Section 402(h).  It is unnecessary for the court to address intervenor Comcast's suggestion that 28 U.S.C. § 2347, and not 47 U.S.C. § 402(h), governs the scope of remand.

**B.**

When the Commission reopens a proceeding and issues a new and final order, that decision is reviewable by the court.  *See Bhd. of Locomotive Eng'rs*, 482 U.S. at 278.  But when the Commission exercises its discretion to deny reopening, "a petition seeking review of an agency's decision not to reopen a proceeding is not reviewable unless the petition is based upon new evidence or changed circumstances."  *Sw. Bell Tel. Co. v. FCC*, 180 F.3d 307, 311 (D.C. Cir. 1999), *abrogated on other grounds by Entravision Holdings, LLC v. FCC*, 202 F.3d 311, 313 n.\*\* (D.C. Cir. 2000); *see also Bhd. of Locomotive Eng'rs*, 482 U.S. at 278–79; *Transp. Intelligence, Inc. v. FCC*, 336 F.3d 1058, 1062 (D.C. Cir. 2003); *Schoenbohm*, 204 F.3d at 245, 250*; Entravision*, 202 F.3d at 313.  The petitioner must have presented such evidence or circumstances to the Commission.  *AT&T Corp. v. FCC*, 363 F.3d 504, 509 (D.C. Cir. 2004).

Tennis Channel does not maintain that it presented "new evidence" to the Commission on remand, *see id.*; indeed, it did not identify what new evidence it would have introduced had the Commission reopened the record.  Much less has Tennis Channel shown that there are "facts which, through no fault of [its own], the original proceeding did not contain."  *Sw. Bell.*, 180 F.3d at

312 (quoting *Bhd. of Locomotive Eng'rs*, 482 U.S. at 279). Instead, the court has jurisdiction because Tennis Channel based its requests for further proceedings on "non-pretextual grounds" of "changed circumstances." *Vill. of Barrington, Ill. v. Surface Transp. Bd.*, 758 F.3d 326, 329 (D.C. Cir. 2014) (citation omitted); *Jost v. Surface Transp. Bd.*, 194 F.3d 79, 85 (D.C. Cir. 1999); *Fritsch v. ICC*, 59 F.3d 248, 252 (D.C. Cir. 1995). In *Tennis I*, 717 F.3d at 985–87, the court focused on aspects of the alleged discrimination not addressed in the *Initial Order*. Even if these newly considered aspects did not amount to a "new" evidentiary test, *see supra* Part II.A., the evidentiary focus of the inquiry had shifted from whether the MVPD offered preferential treatment to its affiliates with similar programming and costs to whether petitioner had shown that the MVPD could have recouped the costs of broadening coverage of the non-affiliate such that failing to do so could not have been a legitimate business decision. *See Tennis I*, 717 F.3d at 985–86. Consequently, in petitioning the Commission for further proceedings, Tennis Channel was not merely explaining material errors of law or reasoning in the *Initial Order* or *Tennis I*, but was also seeking to "bring new material to [the Commission's] attention." *See Jost*, 194 F.3d at 85; *Fritsch*, 59 F.3d at 252; *see also Bhd. of Locomotive Eng'rs*, 482 U.S. at 278–79. It sought to do this by having the Commission reexamine the administrative record in light of *Tennis I* or reopen the record to allow Tennis Channel to submit evidence addressing the evidentiary deficiencies identified in *Tennis I*. Neither ground was mere pretext by Tennis Channel to snatch victory from the jaws of defeat. *See Jost*, 194 F.3d at 84–85.

On the merits, review of the Commission's denial of further proceedings is highly deferential: to overturn such a decision "requires 'a showing of the clearest abuse of discretion.'" *Bhd. of Locomotive Eng'rs*, 482 U.S. at 278 (citation omitted); *Schoenbohm*, 204 F.3d at 250 n.4; *Sw. Bell*, 180 F.3d at 311; *E.*

*Carolinas Broad.*, 762 F.2d at 100–03. Tennis Channel fails to show such abuse.

Regarding the request for further briefing, because the Commission correctly determined that *Tennis I* concluded the administrative record contained insufficient evidence to support a finding of Section 616 discrimination by Comcast, *see supra* Part II.A, the Commission's rejection of Tennis Channel's request for further briefing was hardly a clear abuse of discretion. The Commission already had the opportunity to review the record evidence that Tennis Channel claimed in its petition for further proceedings was critical to showing affiliate discrimination.

Regarding the request to reopen the record to allow submission of additional evidence, although the Commission's explanation for denying Tennis Channel's request was brief, it was sufficient. *Remand Order*, 30 FCC Rcd. at 852 ¶ 8. The Commission explained that it was exercising its discretion not to reopen the record because "the interest in bringing the proceeding to a close outweigh[ed] any interest in allowing Tennis Channel a second opportunity to prosecute its program carriage complaint." *Id*. "Tennis Channel has had a full and fair opportunity to litigate its complaint." *Id.* On remand, Tennis Channel did not identify the critical evidence it intended to present if the Commission reopened the record. During the oral argument before the court, counsel for Tennis Channel suggested the possibility of introducing expert testimony that carrying Tennis Channel more broadly had the potential of increasing Comcast's advertising revenues and was supported by audience interest in the channel. *See* Oral Arg. Tr. 9–10. Putting aside that Tennis Channel had neither identified nor presented that evidence in support of its reopening request, the failure to develop evidence to rebut Comcast's asserted business decision appears to be a problem of its own making. Tennis Channel's

incentive to develop rebuttal evidence preceded *Tennis I*. *See Tennis I*, 717 F.3d at 985–86; *Mid-Atlantic Sports Network*, 25 FCC Rcd. at 18,115 ¶ 22. With the benefit of extensive discovery and evidentiary hearings, Tennis Channel had the opportunity to put such evidence in the record. Having chosen how to litigate its complaint, Tennis Channel fails to show the Commission clearly abused its discretion in declining to extend the proceedings. *See E. Carolinas*, 762 F.2d at 103; *cf. Nw. Ind. Tel. Co. v. FCC*, 872 F.2d 465, 471 (D.C. Cir. 1989); *Carter/Mondale Presidential Comm. v. FEC*, 775 F.2d 1182, 1187 (D.C. Cir. 1985). Because the Commission rested its decision not to reopen on its discretion, and not the possible statutory bar to reopening the record under 47 U.S.C. § 402(h), *see Remand Order*, 30 FCC Rcd. at 852 ¶ 8 n.30, the court has no occasion to address whether the Commission could have relied on Section 402(h)'s statutory bar, *see E. Carolinas*, 762 F.2d at 100–01.

Accordingly, the court denies the petition for review.